IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FERDINAND MALINAY, #A0125634, | ) ) ) | CIV. NO. 1:12-cv-00381 HG-BMK |
| Plaintiff, | ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. |
| vs. | ) ) | § 1915(e) and § 1915A(b) |
| VOLUNTEER LEGAL SERVICES, | ) ) ) | |
| Defendants. | ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO
28 U.S.C. § 1915(e) and § 1915A(b)**

Before the court is *pro se* Plaintiff Ferdinand Malinay's first amended complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. Plaintiff is a prisoner confined at the Halawa Correctional Facility ("HCF"). Plaintiff names the State of Hawaii, the Department of Public Safety, the Oahu Community Correctional Center, the Hawaii Department of Health, the Hawaii State Hospital and individuals employed by the State as Defendants. For the following reasons, the FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1).

**I. STATUTORY SCREENING**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious,

fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2).

A complaint may be dismissed for failure to state a claim if it (1) lacks a cognizable legal theory; or (2) contains insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A claim is factually frivolous if its allegations are bizarre, irrational, or incredible. *Edwards v. Snyder*, 478 F.3d 827, 829-30 (7th Cir. 2007); *see Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Usually suits are dismissed as frivolous because there is absolutely no legal basis for the plaintiff's claim. Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so . . . 'delusional' . . . that they're unbelievable[.]"); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (a claim is

factually frivolous if it is "clearly baseless"); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (explaining that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible.")

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If an action is frivolous, however, the court has discretion to dismiss where the deficiencies cannot be cured by amendment. *Broughton v. Cutter Lab.*, 622 F.2d 458, 460 (1980) (citing *Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979)). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

## II. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting

under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.   Plaintiff's Claims**

The FAC is as difficult to comprehend as was the original Complaint.  It is rambling, incoherent, and contains insufficient explanatory facts or details to help the court clearly understand what Plaintiff's claims entail.  Although the court has struggled to liberally read the FAC so as to do it justice, it finds that the FAC is, for the most part, nonsensical and nearly impossible to understand.

The FAC is written in a stream-of-conscious format from which it is barely possible to glean Plaintiff's narrative or specific allegations.  It appears that Plaintiff was written up by a Captain Mao and Sergeant Lalotaa for fighting with another inmate.  It is unclear where or when this happened.  Plaintiff seems to concede that he fought with another inmate, claiming that it is not his fault if inmates are allowed to keep too many belongings in their cells and make their cells stink.  Plaintiff says everyone lies.

Plaintiff next turns his focus on the Hawaii State Hospital and the Hawaii Department of Health.  Plaintiff appears to have spent three to seven years at the State Hospital while being evaluated for fitness to stand trial.  There is no indication in the FAC when exactly he was confined at the State

4

Hospital and when he was transferred to HCF. Plaintiff says he's been hearing voices since 1997, and that he was tortured for seven years by the side effects from medications he received. At one point, Plaintiff appears to challenge an August 2007, determination that he was unfit to proceed in state criminal No. 05-1-0101, but then refers to the sentence he allegedly received in this case, apparently a five to ten year term consecutive to any other charges he has.[1] Plaintiff says, "one day they find me fit to proceed next month find me unfit to proceed," and disputes that the reason he hears voices is due to "illegal drug made from all over the world." FAC at 5.

**B.   Rule 8 of the Federal Rules of Civil Procedure**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies here. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Rule 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534

---

[1] Plaintiff was indicted in 2005 for attempted murder, assault against a law enforcement officer, and terroristic threatening. *See State v. Malinay*, 1PC05-1-000101, publicly available at: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/. After numerous orders to determine Plaintiff's fitness to proceed, entry of amended judgment of conviction and sentence was entered on February 10, 2012. This case is currently on appeal.

U.S. at 512.  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 129 S. Ct. at 1949.  "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'"  *Id.*  While factual allegations are accepted as true, legal conclusions are not.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, to adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.  At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible.

The FAC does not allege sufficient, specific facts to allow the court to understand Plaintiff's allegations and the relevant circumstances surrounding his claims.  The court cannot discern who the Defendants are or how they allegedly violated Plaintiff's constitutional rights.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint is subject to dismissal.  *Iqbal*, 129 S. Ct. at 1950.  Plaintiff's claims do not even set forth the barest elements of a cause of action and are simply insufficient to state a claim.  The FAC is DISMISSED.

**C.  Challenge to Plaintiff's Conviction**

As noted above, Plaintiff's conviction is currently pending on direct appeal.  Title 28 of the United States Code,

section 2254(b)(1)(A), requires that a petitioner must exhaust all adequate and available state court judicial remedies by presenting his claims to the highest state court, and giving that court a fair opportunity to rule on the merits of each and every issue sought to be raised in the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). If available State remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).

Federal habeas review is generally barred until the conclusion of direct appeal. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (requiring petitioner to await outcome of pending appeal before state remedies are exhausted, because that appeal may result in reversal of conviction on some other ground, thereby mooting federal question); *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993) (per curiam) (assessing exhaustion at time of filing petition); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964)(state remedies not exhausted if a state post-conviction proceeding is pending). To the extent that Plaintiff is attempting to challenge his conviction or sentence, and this is not clear, his claims are DISMISSED without prejudice as unexhausted and premature.

### III. LEAVE TO AMEND

The FAC is DISMISSED.  Although it appears impossible, Plaintiff is given one more chance to cure the deficiencies in his pleadings.  Plaintiff may file a second amended complaint on or before **September 28, 2012**.  The second amended complaint must cure the deficiencies noted above and demonstrate how the conditions complained of resulted in a deprivation of Plaintiff's federal constitutional or statutory rights.  **Plaintiff is NOTIFIED that any second amended complaint must be coherently written on the court's prisoner civil rights complaint form**.  Any amended pleading must be clearly identified as "Second Amended Complaint."

The court will not refer to the original pleading to make any amended complaint complete.  Defendants not named and claims not realleged in an amended complaint are deemed waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Furthermore, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Defendants must be identified in some manner and each claim and the involvement of each Defendant must be sufficiently alleged in the amended complaint.

### IV. 28 U.S.C. § 1915(g)

If Plaintiff fails to file an amended pleading correcting the deficiencies identified in this Order, this

dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

If Plaintiff fails to timely comply with this Order the court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 12660-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

## V. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The First Amended Complaint is DISMISSED for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Plaintiff is GRANTED leave to file a second amended complaint curing the deficiencies noted above on or before **September 28, 2012.** Failure to timely amend and cure the noted pleading deficiencies will result in dismissal of this action for

failure to state a claim, and may be counted as strike pursuant to 28 U.S.C. § 1915(g).

(3) The Clerk of Court is directed to mail a form prisoner civil rights complaint to Plaintiff so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2012.



/S/ Helen Gillmor
Helen Gillmor
United States District Judge

*Malinay v. Volunteer Legal Serv.*, 1:12-cv-00381 HG-BMK; Order Dismissing First Amended Complaint PURSUANT TO 28 U.S.C. § 1915(e) and § 1915A(b); psas\screening\dmp 2012\Malinay 12-381 hg (Dsm FAC; incoherent)